**Alfred TAYLOR**

v.

**UNITED STATES of America.**

**Civ. A. No. 76–3972.**

United States District Court, E. D. Pennsylvania.

March 14, 1977.

Alfred Taylor, pro se.

James C. Schwartzman, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

## MEMORANDUM

LUONGO, District Judge.

This is a *pro se* Petition by Alfred Taylor pursuant to 28 U.S.C. § 2255 for "Habeas Corpus and/or a Motion to Vacate Judgment of Conviction and Sentence or Modify and Other Relief." The basis for seeking relief appears to be that petitioner is aggrieved by the application of the Parole Board Guidelines to his case.

On September 9, 1975, Taylor appeared before me for sentencing following a counselled guilty plea to five counts of an indictment (Criminal No. 74–457) charging distribution of controlled substances, in violation of 21 U.S.C. § 841. On four of the counts he was sentenced to three years imprisonment plus three years special parole, the sentences to run concurrently. On the re-

maining count, imposition of sentence was suspended and he was placed on probation for five years to commence at the end of the special parole term.

 A sentence may be challenged under 28 U.S.C. § 2255 if it was imposed prior to the adoption of the 1973 Parole Guidelines *and* if the intent of the sentencing judge has been frustrated by the application of the Guidelines. *United States v. Salerno,* 538 F.2d 1005 (3d Cir.), *reh. den.,* 542 F.2d 628 (3 Cir. 1976). This case satisfies neither requirement. Sentence was imposed *after* adoption of the Guidelines and with full awareness of them, and my intent in imposing sentence has not been frustrated by application of the Guidelines. This is evident from the following excerpt from the transcript of the sentencing proceeding (*United States v. Taylor,* Crim. # 74–457, N.T. Sept. 9, 1975, pp. 11–12)

"THE COURT: * * *

Now, Mr. Taylor, this means that for 11 years you are either going to be in custody or on parole, or on probation. During any of that period of time I have allowed myself on count nine, which is a potential 15 year sentence, to punish you for whatever you may do in violation of parole or probation. So I am giving you the opportunity. You served a part of the sentence already, being in custody since June. *You will have to serve three years, and I might point out to you that using the guidelines that the Parole Board uses for the kind of offense that we have here, and for the kind of background that you have, I would not hold out much hope to you to be paroled in much less than the three years' time that I have given you.* But when you have been released you will be facing the special parole term and in addition the probationary term that I have imposed.

MR. TAYLOR: Yes, Your Honor."

(Emphasis supplied)

Since it is apparent from the face of the record that petitioner is not entitled to relief, the petition will be denied without hearing.