**UNITED STATES of America**

v.

**Thomas C. HUNDLEY et al.**

**Crim. No. 74-15.**

United States District Court,
E. D. Pennsylvania.

March 31, 1977.

David W. Marston, U. S. Atty., Kenneth R. Dixon, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

Thomas C. Hundley, pro se.

### MEMORANDUM AND ORDER

BRODERICK, District Judge.

This is a *pro se* petition by Thomas C. Hundley, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct the criminal sentence which he is presently serving. Petitioner alleges that he is aggrieved by the operation of parole guidelines adopted in 1973 by the Parole Board and applied in this case.

Petitioner and a co-defendant pleaded guilty to two counts of bank robbery on *March 6, 1974.* Both were sentenced on that date to general sentences of fifteen years on all counts to which they pleaded guilty. On *May 22, 1974,* this Court entered an Amended Judgment and Commitment Order as to both defendants after careful consideration of co-defendant's Rule 35 Petition to Reduce Sentence. Petitioner's sentence was amended to read:

> It Is Adjudged that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of FIFTEEN (15) years. This is a general sentence imposed on all counts to which the defendant has pleaded guilty.

> This sentence is imposed pursuant to Title 18 United States Code, Section 4208(a)(1) and the defendant shall become eligible for parole at the expiration of TWO (2) years.

In 1975, after incarceration of petitioner for twenty-three months, the Parole Board decided not to recommend petitioner for

parole pursuant to their parole guidelines.[1] These parole guidelines were adopted on November 19, 1973, prior to petitioner's sentencing by this Court.

Petitioner contends that the use of the guidelines as the sole determining factor was arbitrary, and frustrated the intent and expectation of the sentencing judge. Accordingly petitioner moves this Court to vacate and correct his sentence.

After a careful review of the record and the law, this court is of the opinion that its intent and expectation, at the time of amending petitioner's sentence, have not been frustrated by the use of the parole guidelines, which this Court was aware of at the time of amending petitioner's sentence. Petitioner's Motion to Vacate, Set Aside, or Correct is denied.

■ Section 4208 provides in pertinent part that:

(a) Upon entering a judgment of conviction, the court having jurisdiction to impose sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than, but shall not be more than one-third of the maximum sentence imposed by the court.

. . .

This sentencing provision does not totally and absolutely limit the exercise of all discretion by the Parole Board in the grant or denial of parole. The purpose of the statute is only to reduce below one-third of the total sentence the period within which the prisoner may be *considered* for parole. In this way, it allows the sentencing judge to designate a minimum term of incarceration at the expiration of which the prisoner shall become *eligible* for parole in the discretion of the Parole Board pursuant to its own guidelines.

This Court, by its use of a § 4208(a)(1) sentence, did not intend in any way to commit the Parole Board to release the petitioner at the expiration of two years or at any time prior to the expiration of his sentence. To the contrary, it was this Court's intent to make certain that petitioner would not be considered for parole prior to the expiration of the two years specified in the amended sentence pursuant to § 4208(a)(1).

In *United States v. Salerno*, 538 F.2d 1005 (3d Cir. 1976), the defendant appealed the district court's denial of his 28 U.S.C. § 2255 motion to vacate and correct the criminal sentence. In considering his appeal, our Third Circuit pointed out that the proper focus on appeal was upon the sentencing judge's expectation at the time of sentencing and the effect of the application of the parole guidelines on that expectation. Resentencing was required in that case only because the record indicated that the probable expectation of the original sentencing judge at the time of sentencing had been frustrated by the implementation of parole guidelines *adopted after his sentence was imposed.* The Court of Appeals stated that "[w]here the motion to vacate sentence can be directed to the sentencing judge, the question whether his sentencing expectations have been frustrated is easily resolved and there should be no need for review of that decision in the Court of Appeals." *Id.* at 1009. On petition for rehearing, the Court summarized its opinion as follows:

Our holding is narrow and does not vest sentencing courts, as alleged by the petitioner, "with power of a super parole board." Our decision does, however, "permit the district court to correct a sentencing error where the import of the judge's sentence has in fact been changed by *guidelines adopted by the Parole Board . . . subsequent to the imposition of that sentence.*" *United States v.*

---

1. The parole guidelines were not the only factors considered by the Parole Board in denying petitioner's request for parole. In the Notice of Action, the Parole Board pointed out that "[a]fter review of all relevant factors and information presented, it is found that a decision at this consideration outside the guidelines does not appear warranted."

*White*, 540 F.2d 409, at 411 (8th Cir. 1976). (emphasis added). *United States v. Salerno*, 542 F.2d 628 (3d Cir. 1976).

The viability of these opinions was reaffirmed in *United States v. Somers, et al.*, 552 F.2d 108 (3d Cir. February 25, 1977). In *Somers*, the district court judge vacated defendant's sentence because he stated that his original sentencing intent had been frustrated by parole guidelines adopted after sentencing and, therefore, not within his contemplation at the time sentence was imposed. In affirming the reduction of defendant's sentence, our Third Circuit stated that:

> it is the intent and expectation of the district court judge who sentences under § 4208(a)(2) which are controlling and which must be searched out to determine if relief may be ordered under 28 U.S.C. § 2255. *Id.* at 113.

■ Under the tests set forth in *Salerno I* and *II*, and in *Somers*, petitioner's Motion will be denied and his sentence will not be vacated or amended.[2] The parole guidelines, which served as a basis for the Parole Board's action in denying petitioner's requests for parole, were adopted and in effect prior to amending petitioner's sentence. Those guidelines, in effect at the time of sentencing, were within this Court's contemplation at that time and were considered by this Court in imposing sentence pursuant to Section 4208(a)(1). Furthermore, the intent and expectation of this Court when petitioner's sentence was amended was only that petitioner should not be considered for parole until after the expiration of the two year period. At no time did this Court expect that its sentence would supersede those parole guidelines or that petitioner would be released at the end of a two year period. At the end of that time, this Court only intended that the Pa-

role Board be afforded the full flexibility and discretion permitted by the guidelines. Accordingly, petitioner's Motion will be denied in the attached Order.

---

2. In a recent case, with facts similar to this one, Judge Luongo stated that "[a] sentence may be challenged under 28 U.S.C. § 2255 if it was imposed prior to the adoption of the 1973 Parole Guidelines *and* if the intent of the sentencing judge has been frustrated by the application of the Guidelines. *United States v. Salerno*, 538 F.2d 1005 (3d Cir.), *reh. den.*, 542 F.2d 628, (3 Cir. 1976). This case satisfies neither requirement. Sentence was imposed *after* adoption of the guidelines and with full awareness of them, and my intent in imposing sentence has not been frustrated by application of the guidelines." *Taylor v. United States*, 428 F.Supp. 187 (E.D.Pa.1977). See also *United States of America v. George Holland*, Criminal No. 74–593 (E.D.Pa. March 11, 1977).