UNITED STATES, Appellant,

v.

Robert O. WHITE, Appellee.

No. 76–1152.

United States Court of Appeals,
Eighth Circuit.

Submitted June 18, 1976.

Decided Aug. 23, 1976.

Glenda G. Gordon, Dept. of Justice, Special Litigation Section, Crim. Div., Washington, D. C., for appellant; George W. Calhoun, Robert E. Johnson, U. S. Attys., Fort Smith, Ark., and Richard L. Thornburgh, Asst. Atty. Gen., Washington, D. C., on brief.

Robert K. Scott, Little Rock, Ark., for appellee.

Before BRIGHT, ROSS and STEPHENSON, Circuit Judges.

BRIGHT, Circuit Judge.

In a § 2255 proceeding, the district court undertook to modify an eight-year prison sentence imposed upon appellee Robert O. White, said modification being made under the authority of our opinion in *Kortness v. United States*, 514 F.2d 167 (8th Cir. 1975). The Government in this appeal asserts that the sentencing court did not have the authority or jurisdiction to modify White's sentence. For reasons set forth below, we reverse and vacate the order of the district court.

Robert O. White pleaded guilty to a federal bank robbery charge and came before the United States District Court for sentencing on October 29, 1973. Prior to that date, on May 2, 1973, White had also pled guilty to bank robbery charges brought against him by the State of Arkansas. On the state charge, he had received a ten-year imprisonment sentence to be served in the Arkansas State Penitentiary. The federal sentence provided as follows:

> It is adjudged that the defendant is hereby committed to the custody of the Attorney General * * * for a period of eight years, the same to run concurrently with the state sentence now being served. This sentence is imposed under

18 U.S.C. 4208(a)(2). [Prisoner eligible for parole at such time as the Board of Parole may determine.]

Following the imposition of the federal sentence, the Director of the Bureau of Prisons designated the Arkansas State Penitentiary as the place of confinement for commencement of service of the federal sentence. Thus, the federal sentence was served concurrently with the Arkansas sentence. The State of Arkansas paroled the defendant from his ten-year sentence on June 27, 1975, after White had served a little more than two years of that sentence. Thereafter, federal authorities transferred White to the United States Penitentiary at Leavenworth, Kansas. While at Leavenworth, White requested and was granted an in-prison parole hearing. On November 10, 1975, the Parole Board ordered that the defendant's incarceration be continued with a review hearing at the one-third point of his federal sentence (32 months). In refusing parole, the Board gave the following reasons:

Your offense behavior has been rated as very high severity. You have a salient factor score of 8. You have been in custody a total of 25 months. Guidelines established by the Board for adult cases which consider the above factors indicate a range of 36–45 months to be served before release for cases with good institutional program performance and adjustment. After review of all relevant factors and information presented, it is found that a decision at this consideration outside the guidelines does not appear warranted. However, Board policy prohibits a continuance past one-third of your sentence at initial hearing. Therefore, your case has been scheduled for further consideration at one-third of your sentence.

White then initiated § 2255 proceedings in the United States District Court seeking either vacation of the sentence or resentencing by the initial sentencing judge. The district court granted defendant's motion and ordered defendant's sentence modified and reduced to the time served prior to December 22, 1975 (the date of the district court's order), subject to White's remaining on supervised probation for a term of three years. In explanation, the district court stated in a memorandum opinion:

At the time of sentence this court * * * seriously considered placing petitioner on probation for the offense against the United States since he was already in the Arkansas Penitentiary serving a 10 year State sentence for robbing a state bank with a toy pistol—an offense of the same nature as the federal charge. Because the prisoner had no record of a propensity toward violence and because of other factors revealed by the presentence report, this court chose to impose an eight year sentence and recommended that it run concurrently with the state sentence and that the sentence be served in the State penitentiary so that there could be a simultaneous parole on both sentences.

This court assumed that the Department of Justice would follow its suggestion and recommendation as it had in the past, but it did not do so, but chose to incarcerate him in a federal institution after he had been placed on parole by the State on June 27, 1975.

This court further assumed when it chose a sentence under 18 U.S.C. § 4208(a)(2) that the prisoner would receive an early and meaningful hearing and consideration for parole and that its recommendation would not be completely ignored.

The court further noted that the Parole Board in denying parole had relied on its guidelines published subsequent to the imposition of sentence in this case. The district court in modifying White's sentence relied on the *Kortness* case, *supra.*

In seeking reversal, the appellant-United States asserts that the district judge

invaded the statutory domain of the Board of Parole and under 28 U.S.C. § 2255 reduced White's sentence solely because the Board of Parole had not paroled White on the date recommended by the judge.

The Government also asserts that district courts have been interpreting *Kortness* as authorizing the sentencing judge to exercise continuing authority and jurisdiction to modify or reduce the sentence when the district court disagrees with the action of the Parole Board with respect to a particular prisoner.

■ Of course, the *Kortness* decision is a limited one and does not give sentencing judges the authority to supervise, control, or second-guess the Parole Board. But the doctrine of *Kortness* does permit the district court to correct a sentencing error where the import of the judge's sentence has in fact been changed by guidelines adopted by the Parole Board contemporaneous with or subsequent to the imposition of that sentence.

The error in the sentencing judge's procedure in this case is demonstrated by the facts in *Kortness*. There the district judge sentenced Kortness to a three-year prison term pursuant to 18 U.S.C. § 4208(a)(2)— the same provision utilized by the sentencing judge in the instant case. Kortness alleged, in effect, that the sentencing judge contemplated when imposing an (a)(2) sentence under § 4208 that the Parole Board would give meaningful consideration to parole possibilities at or before the one-third point in the sentence.

■ The present litigation does not come under the doctrine enunciated in *Kortness*. The sentencing judge here apparently assumed that, in accordance with his recommendations, federal authorities would grant the prisoner simultaneous parole with that granted by state authorities. But such an assumption if unfulfilled does not constitute an error in the sentencing process. It has been the rule, antedating the imposition of Parole Board guidelines, that such recommendations relating to simultaneous parole and to the concurrence of state and federal sentences, are not binding on prison authorities. As this court said in *Hash v. Henderson*, 385 F.2d 475, 477 (8th Cir. 1967):

[t]he Attorney General of the United States is given the right to designate where a sentence shall be served. 18 U.S.C.A. § 4082(a). Thus, the recommendation of the District Court that Hash's original sentence run concurrently with the state sentence then being served in a state prison was surplusage and could have been disregarded by the Attorney General. * * * [1]

Such an assumption by the sentencing judge amounted to no more than a recommendation for execution of the sentence. Here, the Attorney General did in fact provide for concurrency of the sentence as specified by the sentencing judge. But the federal authorities, of course, could not necessarily be bound by the decision of state parole authorities relating to parole from the Arkansas state sentence.

The sentencing judge here also expected that the prisoner would receive early and meaningful federal parole consideration. But in this case, unlike *Kortness*, the Parole Board indicated that White would be given meaningful consideration at the one-third point of his sentence. That one-third point had not been reached at the time the district judge modified White's sentence. We intended to make clear in *Kortness* by our citation of *Garafola v. Benson*, 505 F.2d 1212, 1217–18 (7th Cir. 1974), that a district judge's expectations with regard to an (a)(2) sentence are not thwarted provided that the prisoner receives meaningful consideration for parole "at least upon completion of one-third of his sentence." *Kortness v. United States*, 514 F.2d 167, 170 (8th Cir. 1975). We were, of course, speaking of a sentence imposed without knowledge of the Parole Board's guidelines. Here, the sentencing judge was not entitled to say that he had made critical error in the sentence, because of the later promulgation of the Parole Board guidelines, until at least one-third of the prisoner's sentence had elapsed without meaningful parole consideration.

It is clear that no critical error occurred in the district court's sentencing of White.

---

1. Recent decisions in *United States v. Janiec*, 505 F.2d 983 (3d Cir. 1974), and *Ledesma v. United States*, 445 F.2d 1323 (5th Cir. 1971), cite *Hash v. Henderson* with approval.

The assumption by the sentencing judge that the prisoner would receive simultaneous parole from state and federal sentences was a matter lying outside his sentencing prerogative. No critical error had surfaced under the *Kortness* rule, since the prisoner had not served one-third of his sentence at the time he applied for and received relief under his § 2255 petition. Indeed, the Parole Board had ordered that a review hearing be held at the one-third point in his sentence. Accordingly, we hold that the district court erred in releasing the prisoner on December 22, 1975. Its order is reversed.

■ Notwithstanding this reversal, a further comment may be in order. Our decision confirms that the Board possessed the power to deny White a parole, notwithstanding the termination of his actual incarceration under the concurrent state sentence. Thus under this decision, prison authorities may demand that White, now working in civilian society, be returned to prison. Nevertheless, in approximately seven months, at the one-third point of the sentence, the Board must afford White meaningful consideration of his application for parole. If not, White may again seek § 2255 relief, relying upon *Kortness*.

To avoid unnecessary disruption in White's attempt at rehabilitation, we suggest, but do not require, that the Parole Board afford White an earlier hearing on his parole, taking into account that the district court by order has released White from custody and that White may now have demonstrated that he poses no danger to society, is rehabilitated and ought not to be sent back to prison. This hearing, we suggest, should be held before any reincarceration.