**Robert J. ANDRINO, Plaintiff-Appellee,**

v.

**UNITED STATES BOARD OF PAROLE, Defendant-Appellant.**

**No. 76–1366.**

United States Court of Appeals, Ninth Circuit.

March 21, 1977.

William C. Smitherman, U. S. Atty., Michael B. Scott, Asst. U. S. Atty., Phoenix, Ariz., Richard L. Thornburgh, Asst. Atty. Gen., George W. Calhoun, Glenda G. Gordon, Attys., argued, Sp. Litigation Section, Crim. Div., Dept. of Justice, Washington, D. C., for defendant-appellant.

Michael D. Kimerer argued, Phoenix, Ariz., for plaintiff-appellee.

Before HUFSTEDLER and WRIGHT, Circuit Judges, and LYDICK, District Judge.*

* Of the Central District of California.

**520**

PER CURIAM:

Petitioner was convicted in 1972 of extortion and firearms offenses and sentenced to two five-year concurrent terms and twelve two-year terms to run concurrently with each other and consecutively to the five-year terms.[1] We upheld Andrino's convictions and he began to serve his seven year sentence in November 1974.

The Board of Parole published new policy guidelines between the time of Andrino's sentence and his incarceration. 28 C.F.R. § 2.1 et seq. (1974). At his initial parole hearing these were applied and he was found ineligible for parole. His case was continued for 36 months, the maximum period permitted under the regulations at the time. 28 C.F.R. § 2.14(d) (1974).[2]

Andrino filed a motion for modification of sentence under 28 U.S.C. § 2255 in November 1975. He contended that the district court would not have imposed the same sentence had it known the parole guidelines would be applied to postpone his parole. The district court, after a hearing, relied upon Kortness v. United States, 514 F.2d 167 (8th Cir. 1975), and modified the sentence so that all sentences would be served concurrently. The Government appeals.

In Kortness v. United States, supra, the Eighth Circuit held that a sentence imposed under 18 U.S.C. § 4208(a)(2) without knowledge of the parole policy guidelines followed by the Board of Parole, 28 C.F.R. § 2.1 et seq., was a sentence "otherwise subject to collateral attack" within the meaning of 28 U.S.C. § 2255 and that the sentencing court therefore had authority to modify the sentence. Accord, United States v. Salerno, 538 F.2d 1005 (3d Cir.

1976); contra, Thompson v. United States, 536 F.2d 459 (1st Cir. 1976); cf. United States v. Slutsky, 514 F.2d 1222 (2d Cir. 1975) [unawareness of Board's guidelines mandated district court's reconsideration of sentence on prisoner's motion under Fed.R. Crim.P. 35].

Our Circuit has not adopted the Kortness rationale, with or without the limitation of United States v. White, 540 F.2d 409 (8th Cir. 1976).[3] We decline to do so in this case. Rather, we adhere to the view that we expressed in Tedder v. United States Board of Parole, 527 F.2d 593, 594, n.1 (9th Cir. 1975), that a petition for habeas corpus, rather than a Section 2255 motion, is the proper vehicle for obtaining judicial review of parole board decisions under 28 U.S.C. § 2241. Cf. Ridenour v. United States, 446 F.2d 57 (9th Cir. 1971).

The district court could not treat the Section 2255 motion as a misbranded habeas petition, because the writ can only be sought from a district court with jurisdiction over the prisoner or his custodian. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973). That condition was not met.

Vacated and remanded to dismiss for lack of jurisdiction.

---

1. The five-year sentences were imposed pursuant to 18 U.S.C. § 4208(a)(2). The two-year sentences were imposed under 18 U.S.C. § 924(a). Both statutes provide for parole "as the Board of Parole shall determine."

2. The current regulations provide for meaningful consideration of parole not later than the one-third point of the sentence. 28 C.F.R. § 2.14(d), (e) (1976).

3. The Kortness court may have been influenced by the Eighth Circuit's rule that decisions to grant or deny parole are not subject to judicial review. Brest v. Ciccone, 371 F.2d 981 (8th Cir. 1967). In contrast, our Circuit permits limited judicial review. E. g., Grattan v. Sigler, 525 F.2d 329 (9th Cir. 1975).