Gary Kale BANKS, Appellee,

v.

UNITED STATES of America, Appellant.

No. 76–1499.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 14, 1976.

Decided April 13, 1977.

John M. Fitzgibbons, Asst. U. S. Atty., Des Moines, Iowa, for appellant; Allen L. Donielson, U. S. Atty., Des Moines, Iowa, on brief.

William L. Kutmus, Des Moines, Iowa, for appellee.

Before VAN OOSTERHOUT, Senior Circuit Judge, and BRIGHT and WEBSTER, Circuit Judges.

WEBSTER, Circuit Judge.

The United States appeals from an order of the District Court granting Gary Kale Banks' § 2255 motion. The District Court found that it had made a critical error in sentencing Banks, and so had jurisdiction under § 2255 to modify his sentence. *See Kortness v. United States*, 514 F.2d 167 (8th Cir. 1975). We conclude that the District

Court did not have jurisdiction to modify the sentence, and so reverse the grant of § 2255 relief.

On May 8, 1975, Banks was convicted in the District Court of distributing one gram of cocaine and possessing two grams of amphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 844(a). The District Court sentenced him, under former 18 U.S.C. § 4208(a)(1), to five years' imprisonment, with a three year special parole term, and parole eligibility after one year of imprisonment.

Shortly after Banks' imprisonment, the United States Board of Parole[1] issued a "Notice of Action," assigning appellant a salient factor score of six under the Board's guidelines, stating that the guidelines indicated a range of thirty-six to forty-five months to be served until release, and finding that "a decision outside the guidelines at this consideration does not appear warranted." Banks' case was "continued to expiration."

In response to this action, the District Court wrote a letter to the Parole Board objecting to the disposition of Banks' parole application. In response to the Court's letter, the Board granted a hearing. Instead of reducing the time to be served until parole, however, it extended the time, to a total imprisonment of forty-five to fifty-five months.[2]

At this point, Banks filed a § 2255 motion challenging the action of the Parole Board in extending the period of his confinement. The District Court concluded that it had jurisdiction to entertain the motion, because in sentencing Banks it had made an error concerning the applicability of the Parole Board guidelines. The Court said:

> The Court was aware of the guidelines at the time of sentencing although they were not specifically called to the Court's attention. The Court did not believe this to be necessary because of his intention to use § 4208(a)(1). The Court believed the guidelines were used to give a guide to the length of confinement under a regular sentence so that the Court could have an idea of the length of sentence to impose. The Court did not understand that the guidelines applied to (a)(1) or (a)(2) sentences.

The Court concluded that its understanding that the guidelines did not apply to (a)(1) sentences constituted a critical error under *Kortness v. United States, supra,* giving it jurisdiction to modify the sentence under § 2255. It modified the original five year sentence to a two year sentence with a three year special parole term. The government appeals from this action.

In *United States v. Kortness, supra,* we held that a critical error in the sentencing process could be reached by the post-conviction remedy afforded by 28 U.S.C. § 2255. In that case the Parole Board guidelines were promulgated the same day that the District Court imposed its sentence, and the District Court could not have been aware of the existence or significance of the guidelines. Since under the guidelines[3] the defendant in that case would have been likely to serve the full term imposed, less good time allowances, we held that the objectives of the District Court in imposing its sentence under 18 U.S.C. § 4208(a)(2) would be effectively frustrated by the guidelines of

---

**1.** By the Parole Commission and Reorganization Act, Pub.L. No. 94–233, 90 Stat. 219 (March 15, 1976), the functions of the United States Board of Parole were transferred to the United States Parole Commission, and the sections of 18 U.S.C. Ch. 311, Parole, were amended and recodified. Former § 4208(a)(1), under which appellant was sentenced, now appears at § 4205(b).

**2.** The Board discovered at the hearing that appellant had a third prior conviction, in addition to the two previously known. This resulted in

the increase in the salient factor score. *See* note 3, *infra.*

**3.** Under the Parole Board guidelines, 28 C.F.R. § 2.20, the Board combines a number of factors ("offender characteristics") to arrive at a "salient factor score." This score is then applied to "offense characteristics," as set out in tables in the guidelines, to arrive at a "customary range of time to be served before release." When circumstances warrant, parole decisions outside the guidelines can be made.

which it was necessarily unaware. Absent knowledge of the guidelines, the District Court was entitled to assume that the defendant would receive meaningful parole consideration, at least by the expiration of one-third of his sentence.

Section 4208, as then in effect,[4] permitted the sentencing court to authorize parole eligibility prior to service of one-third of sentence, which is the normal statutory minimum period of service under 18 U.S.C. § 4202.[5] The District Court was empowered to set a *minimum* period of confinement not to exceed one-third of the given sentence "*at the expiration of which*" the prisoner would become "eligible" for parole. 18 U.S.C. § 4208(a)(1). As an alternative, the District Court was empowered to provide that the prisoner "may become eligible for parole at such time as the board of parole may determine." 18 U.S.C. § 4208(a)(2). Thus, sub-section (a)(1) permitted the Parole Board to grant parole at any time following a minimum period, stated by the District Court, but not more than one-third of the maximum sentence, and sub-section (a)(2) permitted the Board to grant parole at any time following the imposition of sentence.

The District Court in this case imposed its sentence under § 4208(a)(1), setting one year as the minimum time before parole eligibility. Had the District Court not availed itself of the provisions of § 4208(a)(1), under the five year sentence which it imposed, Banks would not have been eligible for parole before the expiration of twenty months.

We hold *Kortness* to be inapplicable to this case for these reasons:

■ First, the District Court was, in fact, aware of the guidelines. Sentence was imposed on May 20, 1975. The guidelines were first promulgated on November 19, 1973. Ordinarily *Kortness* is to be limited to the transitional period in which sentencing judges were necessarily unaware of the existence of the guidelines and the impact those guidelines have upon the terms of confinement imposed. *See Gravink v. United States*, 549 F.2d 1152, No. 76–1938 (8th Cir. 1977); *Jacobson v. United States*, 542 F.2d 725 (8th Cir. 1976); *Fields v. United States*, 542 F.2d 472 (8th Cir. 1976); *Pope v. Sigler*, 542 F.2d 460 (8th Cir. 1976); *United States v. Clinkenbeard*, 542 F.2d 59 (8th Cir. 1976); *United States v. White*, 540 F.2d 409 (8th Cir. 1976).[6]

Second, implicit in our decision in *Kortness* was the evident fact, unknown to the sentencing judge, that the defendant in that case would not receive meaningful parole consideration within the normal one-third of his sentence. In this case, Banks has already received two reviews of his sentence within the one-third period. If his challenge is to the meaningfulness of the hearings themselves, his action should have been brought as a § 2241 habeas corpus proceeding in the jurisdiction of his confinement. *Gravink v. United States, supra*, at 1153–1154; *Jacobson v. United States, supra*, 542 F.2d at 727; *Fields v. United States, supra*, 542 F.2d at 474; *Pope v. Sigler, supra*, 542 F.2d at 461; *United States v. Clinkenbeard, supra*, 542 F.2d at 60; *Lee v. United States*, 501 F.2d 494, 499 (8th Cir. 1974).

■ In this § 2255 proceeding the only germane question is whether or not there has been a critical error in the sentencing process. *Houser v. United States*, 508 F.2d 509, 516 (8th Cir. 1974); *Lee v. United States, supra*. There was no legal error in this sentence; it was well within the statutory range[7] and did not result from the

---

4. *See* note 1, *supra*.

5. Now § 4205(a).

6. As we said in *United States v. White, supra*, 540 F.2d at 411:

But the doctrine of *Kortness* does permit the district court to correct a sentencing error where the import of the judge's sentence

has in fact been changed by the Parole Board contemporaneous with or subsequent to the imposition of that sentence.

7. Appellant's original maximum sentence was five years' imprisonment; the maximum penalty under 21 U.S.C. § 841(a)(1) for an offender without a previous narcotics conviction is fifteen years' imprisonment and a fine of $25,000.

failure of the District Court to exercise its discretion. *Compare United States v. Lewis*, 392 F.2d 440 (4th Cir. 1968) (district court imposed maximum term in the mistaken belief that it was necessary to do so in order to afford the defendant the benefits of § 4208(a)(2)).

■ Essentially, the District Court in this case held in its order granting § 2255 relief that the Parole Board failed to respect the Court's recommendation that parole consideration be given to Banks at the end of one year unless his institutional record were bad. The District Court said:

> The Court believed long-term confinement would not be beneficial to society or the defendant, if he continued to improve, but felt that a longer term should be available in the event he did not.

In *Brest v. Ciccone*, 371 F.2d 981, 982–83 (8th Cir. 1967), we said:

> By the language of 18 U.S.C.A. § 4203, the Board of Parole is given absolute discretion in matters of parole. The courts are without power to grant a parole or to judicially determine eligibility for parole. Furthermore, it is not the function of the courts to review the discretion of the Board in the denial of applications for parole, or to repass on the credibility of reports and information received by the Board in making its determinations.

It is apparent from the present case, and from the many appeals relying on *Kortness*, that this case reflects in many ways the frustrations voiced by many district judges who think the parole guidelines place too much emphasis on pre-incarceration factors and not enough emphasis upon the conduct and performance of the prisoner while in confinement.[8] We cannot help but be sympathetic with the protest of judges at what must seem to be an intrusion into their sentencing function. At the same time we must recognize that Congress has in subsequent legislation sanctioned the use of guidelines in an effort to promote consist-

ency in parole. 18 U.S.C. §§ 4203(a)(1) and 4206(a), *as amended*, Pub.L. No. 94–233, 90 Stat. 219. *See* House Conference Report No. 838, 94th Cong., 2d Sess. 20 (1976), U.S.Code Cong. & Admin.News 1976, p. 335. That congressional purpose will not be furthered if district courts respond to the guidelines by reducing sentences to preclude the exercise of discretion by the Parole Board.

In any event, no error in the sentencing process having been shown in this case, we must hold that the District Court was without jurisdiction to entertain this action under § 2255.

---

**8.** The District Court in its letter of protest to the Parole Board stated: "It was my intention that he should serve only one year unless his institutional record was bad. There is no way to justify a 36–45 month confinement for this man."