**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**James F. KENT, Defendant-Appellee.**

**James F. KENT, Petitioner-Appellee,**

v.

**WARDEN, FEDERAL CORRECTIONAL INSTITUTION, EGLIN AIR FORCE BASE, FLORIDA, Respondent-Appellant.**

**Nos. 77–1211 and 77–1673.**

United States Court of Appeals,
Fifth Circuit.

Nov. 17, 1977.

Gerald J. Gallinghouse, U. S. Atty., Mary Williams Cazalas, Asst. U. S. Atty., New Orleans, La., Joseph F. Ciolino, George W. Calhoun, Attys., Crim. Div., Benjamin R. Civiletti, Asst. Atty. Gen., Dept. of Justice, Washington, D.C., for plaintiff-appellant in No. 77–1211 and respondent-appellant in No. 77–1673.

Jack Ciolino, New Orleans, La., for defendant-appellee in No. 77–1211 and petitioner-appellee in No. 77–1673.

Before THORNBERRY, Circuit Judge, SKELTON, Senior Judge,* and HILL, Circuit Judge.

THORNBERRY, Circuit Judge:

James F. Kent was convicted in September, 1975, in the United States District Court for the Eastern District of Louisiana for conducting an illegal gambling operation in violation of 18 U.S.C. § 1955. He was sentenced in October, 1975, to 35 months imprisonment and a $20,000 fine. Pursuant to a motion for resentencing under Rule 35, Fed.R.Crim.P., the fine was reduced to $5,000 and the sentence made subject to the provisions of 18 U.S.C. § 4205(b)(2) [then § 4208(a)(2)], under which parole is discretionary with the United States Parole Commission.

Kent, who began serving his sentence in November, 1975, was afforded a parole hearing in July, 1976, and a panel of the Commission continued his imprisonment until another hearing at the one-third point of his sentence. That hearing, held in September, 1976, resulted in a Commission decision that Kent serve his full 35-month sentence. The Commission's ruling was issued November 10, 1976, and one week later Kent filed a petition for writ of habeas corpus with the sentencing court, pursuant to 28 U.S.C. § 2255. He argued that the district court had not been aware of Parole Commission guidelines at the time of sentencing and had not contemplated his serving more than one-third of the sentence. The district court agreed, set aside the previous sentence, and resentenced Kent to two years imprisonment. The government appealed.

The sole issue before us is whether the district court had jurisdiction under 28 U.S.C. § 2255 to hear the case, and, concluding that it did not, we reverse.

Under 28 U.S.C. § 2255, a prisoner in custody pursuant to a federal court sentence may, at any time, move the sentencing court to vacate, set aside or correct the sentence on the ground that it was "in violation of the Constitution or laws of the United States . . ., in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." In *Kortness v. United States,* 514 F.2d 167 (8 Cir. 1975), it was held that a sentence imposed under what is now 18 U.S.C. § 4205(b)(2) is a sentence "otherwise subject to collateral attack" within the meaning of § 2255. Having made that determination, the Eighth Circuit then concluded that a prisoner is entitled to § 2255 relief when the sentencing judge, in imposing sentence under § 4205(b)(2), was unaware that, under Parole Commission guidelines, the prisoner would receive a more severe sentence than the judge had envisioned.

The Ninth Circuit expressly rejected the *Kortness* rationale in *Andrino v. United States Bd. of Parole,* 550 F.2d 519 (9 Cir. 1977), holding that a habeas petition under 28 U.S.C. § 2241—rather than a misbranded habeas petition under § 2255—is the proper vehicle for such a challenge. *See also Tedder v. United States Bd. of Parole,* 527 F.2d 593 (9 Cir. 1975). Under § 2241, the writ

* Senior Judge of the United States Court of Claims sitting by designation.

can be sought only from a district court with jurisdiction over the prisoner or his custodian. *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).

The First, Third, and Sixth Circuits have also passed on this question, with the Third Circuit following *Kortness,*[1] the First Circuit rejecting it,[2] and the Sixth Circuit adopting a somewhat different position.[3] We decline to choose between the extremes represented by *Kortness* and *Andrino,* for even if we were to adopt *Kortness,* the district court would lack jurisdiction in the instant case.

A spate of Eighth Circuit decisions make crystal clear that *Kortness* is an extremely narrow tunnel through which prisoners can crawl to "escape" their sentences. That court has consistently refused to extend *Kortness* beyond the specific fact situation there presented: where parole guidelines adopted contemporaneous with the imposition of sentence actually changed the import of the district court's sentence. *E. g., Kills Crow v. United States,* 555 F.2d 183 (8 Cir. 1977) (district judge was aware of parole guidelines but misapprehended them at sentencing); *Banks v. United States,* 553 F.2d 37 (8 Cir. 1977) (district judge aware of guidelines); *Fields v. United States,* 542 F.2d 472 (8 Cir. 1976) (guidelines in effect one full year prior to sentencing).[4]

*Kortness* has thus been "limited to the transitional period in which sentencing judges were necessarily unaware of the ex-istence of the guidelines and the impact those guidelines have upon the terms of confinement imposed." *Banks, supra,* 553 F.2d at 39. In the case at bar, Kent was sentenced in October, 1975, nearly two full years after the parole guidelines were published in November, 1973.[5] This case hardly seems to be one within the "transitional period" contemplated by *Banks* or one in which the parole guidelines were adopted contemporaneous with the sentence. Rather, the case is more like *Fields v. United States, supra,* and *United States v. DiRusso,* 548 F.2d 372 (1 Cir. 1976), in which the sentences were imposed more than a year after publication of the parole guidelines. "Where an inmate relies on § 2255 to seek modification of a sentence which was imposed after promulgation of the parole guidelines, *Kortness* is inapplicable and § 2255 jurisdiction is lacking." *Kills Crow, supra,* 555 F.2d at 187.

■ It is unclear from the record whether the sentencing judge actually was aware of the guidelines. This fact is irrelevant, for § 2255 is not available when "the applicability of the guidelines should have been known to bench and bar at the time of sentencing . . . ." *DiRusso, supra,* 548 F.2d at 376. Kent, however, argues that no guidelines for gambling offenses existed at the time of sentencing and that the trial judge had no idea that the Parole Commission would treat gambling sentences as severely as they did in his case. The trial

---

1. *United States v. Salerno,* 538 F.2d 1005 (3 Cir. 1976); *United States v. Somers,* 552 F.2d 108 (3 Cir. 1977).

2. *United States v. McBride,* 560 F.2d 7 (1 Cir. 1977) [No. 77–1047, June 20, 1977]; *United States v. DiRusso,* 548 F.2d 372 (1 Cir. 1976).

3. *Wright v. United States Bd. of Parole,* 557 F.2d 74 (6 Cir. 1977) (no relief available under § 2255 based on unrecorded subjective intention of sentencing judge). The *Wright* court read the prisoner's complaint as attacking the execution rather than imposition of his sentence and held it was cognizable only by a proceeding under § 2241.

4. The Third Circuit, which follows *Kortness,* has similarly emphasized the narrowness of that holding. *United States v. Somers,* 552 F.2d 108, 114 (3 Cir. 1977). Moreover, the Eighth Circuit has recognized that *Kortness* opened the floodgates to a wave of prisoner petitions challenging sentences. *Kills Crow v. United States,* 555 F.2d 183, 184 (8 Cir. 1977); *Jacobson v. United States,* 542 F.2d 725, 727 (8 Cir. 1976).

5. 38 Fed.Reg. 31942 (Nov. 19, 1973). However, these initial guidelines were improperly adopted and were ruled invalid. *Pickus v. United States Bd. of Parole,* 165 U.S.App.D.C. 284, 507 F.2d 1107 (1974). They were subsequently reissued as emergency regulations under 5 U.S.C. § 553(b). 39 Fed.Reg. 45223 (Dec. 31, 1974).

judge stated during the § 2255 proceeding that "I can honestly say that I did not know the high degree of severity that [the Commission] considered in gambling cases." Appendix at 102. Kent also points out that the guidelines in effect at the time of the sentencing did not list gambling.

These arguments are not persuasive. The sentencing court's misapprehension of the manner in which the Parole Commission would exercise its discretion does not provide the basis for a collateral attack on the sentence under § 2255. *DiRusso, supra,* 548 F.2d at 374; *Kills Crow, supra,* 555 F.2d at 184. Moreover, although the guidelines then in effect made no reference to gambling, a footnote therein stated:

> If an offense behavior is not listed above, the proper category may be obtained by comparing the severity of the offense behavior with those of similar offense behaviors listed.

40 Fed.Reg. 41334 n. 2 (Sept. 5, 1975). Another note stated that if an offense behavior could be classified in more than one category, "the most serious applicable category is to be used." *Id.* at n. 3. The sentencing judge obviously could have made a comparison in order to obtain a "guideline" for the gambling offense.

Finally, subsequent decisions make clear that *Kortness* is inapplicable provided the prisoner receives meaningful consideration for parole at least upon completion of one-third of his sentence. *United States v. White,* 540 F.2d 409, 411 (8 Cir. 1976); *Jacobson v. United States,* 542 F.2d 725, 727 (8 Cir. 1976); *Ryan v. United States,* 547 F.2d 426, 427 (8 Cir. 1977). In such circumstances there is no basis for resentencing. As the district court said in *Wynn v. United States,* 402 F.Supp. 1207, 1211 (N.D.Ga. 1975):

> [I]t is not the purpose of this court in imposing [a § 4205(b)(2) sentence] to ensure that a prisoner will be released at the earliest possible time. On the contrary, the only purpose of such a sentence is to ensure that the particular prisoner is *eligible* for release at the earliest possible time. [emphasis original.]

In the instant case, the sentencing judge stated that "even though I gave him thirty-five months, . . . he would have been considered for parole in a third of his time" and "I was absolutely convinced that after he served one-third . . . he would be given meaningful [parole] consideration." Appendix at 76, 89. Kent did in fact receive parole consideration by the Commission at the one-third point of his sentence, just as the judge was entitled to expect. He was not, however, entitled to expect that Kent would actually be paroled at that time. In addition, the trial court was surely aware that Kent might serve the full sentence—regardless of the Commission's guidelines—and that a § 4205(b)(2) sentence necessarily means delegation of discretion to the Commission.

Therefore, in the circumstances of this case we hold that the district court was without jurisdiction to entertain Kent's § 2255 motion. To hold otherwise would allow the sentencing judge to second-guess the parole commission and would thwart congressional intent (and the intent of the sentencing judge himself in this case) to place the parole decision in the hands of the Parole Commission.

Accordingly, we reverse the judgment of the district court in the § 2255 proceeding and vacate the district court's order of December 22, 1976, resentencing Kent to two years.[6]

REVERSED.

---

6. As a result of granting Kent's motion filed pursuant to § 2255, the district court entered an order of judgment and commitment in the original criminal case reducing the sentence to two years. This court consolidated the § 2255 case (No. 77–1673) and the criminal case (No. 77–1211) for purposes of this appeal.