UNITED STATES of America,
Plaintiff-Appellee,

v.

Leonard McINTOSH,
Defendant-Appellant.

No. 77–1753
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 27, 1978.
Rehearing Granted March 23, 1978.

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Leonard McIntosh, pro se.

William L. Harper, U. S. Atty., James E. Fagan, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GOLDBERG, CLARK and FAY, Circuit Judges.

PER CURIAM:

Leonard McIntosh, having pleaded guilty to the offense of assault with a dangerous weapon while within the territorial jurisdic-tion of the United States in violation of 18 U.S.C. § 113(c), was sentenced on July 26, 1973, to a term of two years imprisonment under the provisions of then 18 U.S.C. § 4208(a)(2)[1]. It was directed that the sentence would commence to run from the expiration, or the legal release from, an unrelated twelve year federal sentence McIntosh was then serving.

On September 6, 1976, the district court received a correspondence from McIn-tosh which it treated as a motion for reduc-tion or modification of sentence pursuant to Rule 35, F.R.Cr.P. McIntosh had become eligible for parole, but the Parole Board, in its discretion, had continued his sentence until expiration. It was McIntosh's conten-tion that the action of the Parole Board had "frustrated" the intentions of the sentenc-ing court, and he requested that the two year sentence be modified so as to run concurrently with the sentence he is now serving. The 120 day period in which to bring a Rule 35 motion had long expired and the district court properly held it lacked jurisdiction to reduce or modify the sen-tence. *See United States v. Norton,* 5 Cir. 1976, 539 F.2d 1082; *United States v. Flores,* 5 Cir. 1975, 507 F.2d 229. The dis-trict court indicated, however, that the pur-pose of imposing sentence under § 4208(a)(2) had been "merely to allow the parole commission to consider the defend-ant for parole at the time he would other-wise be eligible for parole on his twelve year sentence, *i. e.,* after four years' incar-ceration."

A motion for "rehearing" was subse-quently filed by McIntosh which alleged that his plea of guilty had been involuntary and the result of an unkept plea bargain in that he had then been "laboring under the belief" that he would receive early release or maintain eligibility status prior to expi-ration of the two year sentence. Moreover, McIntosh contended that the action of Pa-role Board in continuing his sentence until expiration demonstrated that the sentenc-ing court had also been under a mistaken belief that the § 4208(a)(2) sentence would

1. Now 18 U.S.C. § 4205(b).

provide early release. McIntosh complained that the intention of the sentencing judge was frustrated by the application of Parole Board guidelines governing release on parole. The sentencing judge was necessarily unaware of the guidelines at the time of sentencing because the guidelines were first published in November, 1973, 38 Fed.Reg. 31942 (Nov. 19, 1973), some four months subsequent to imposition of the sentence. The motion for "rehearing" requested relief not under Rule 35, F.R.Cr.P., but rather under 28 U.S.C. § 2255. The district court denied the motion for "rehearing" on the merits in an order of February 1, 1977. It is from this order of February 1 that McIntosh seeks to appeal.

■ The Federal Rules of Criminal Procedure do not provide for a motion for rehearing from the denial of a Rule 35 motion. The motion for "rehearing" filed by McIntosh requested relief under 28 U.S.C. § 2255, however. The district court correctly proceeded to dispose of the motion upon the merits, apparently construing the motion for "rehearing" as a motion to vacate or set aside sentence pursuant to 28 U.S.C. § 2255.

■ The district court was correct in concluding that § 2255 jurisdiction was proper in this case. McIntosh's claim that his plea of guilty was involuntary is, of course, cognizable under § 2255. His second claim, relating to the Parole Board guidelines, presents greater difficulty, however. We have recently held that a sentencing court which has imposed sentence subsequent to the date at which bench and bar should have been aware of the Parole Board guidelines lacks jurisdiction to modify the sentence to take into account the effect of the guidelines. *United States v. Kent*, 563 F.2d 239 (5th Cir. 1977). In the case at bar, sentence was imposed prior to publication of the guidelines. *Kent*, therefore, does not control; indeed, it contains indications that jurisdiction would exist in this case. *Id.* at 241 (declining to adopt Ninth Circuit rule of no jurisdiction). In view of the nature of the claim presented which goes to the subjective intent of the sentencing judge at a time when that intent alone, and not the

Parole Board guidelines, could be reasonably assumed to control the duration of McIntosh's imprisonment, we think it sensible to permit the sentencing judge himself to pass on the merits of the claim. *See United States v. Salerno*, 538 F.2d 1005 (3rd Cir. 1976); *Kortness v. United States*, 514 F.2d 167 (8th Cir. 1975); *but see Andrino v. United States Bd. of Parole*, 550 F.2d 519 (9th Cir. 1977).

■ McIntosh maintains that his plea of guilty was involuntary and the result of an unkept plea bargain due to his belief that he would receive an early release date under the § 4208(a)(2) sentence. He alleges that he was "wholly familiar" with the statute at the time of the plea bargain negotiations, but he does not contend that he was advised by his counsel, the Government, or the trial court that he would receive early release on parole. It is well settled that the subjective belief of a defendant as to the duration of sentence that will be imposed, unsupported by any promises from the Government or indications from the court, is insufficient to invalidate a plea of guilty as unknowing or involuntary. *E. g. United States v. Maggio*, 5 Cir. 1975, 514 F.2d 80, 88, *cert. denied* 423 U.S. 1032, 96 S.Ct. 563, 46 L.Ed.2d 405. McIntosh's mere belief or supposition that he would receive an early release date on parole does not render his guilty plea involuntary.

McIntosh's second contention is similarly without merit. Contrary to McIntosh's contention, the actions of the Parole Board do not indicate a mistaken belief on the part of sentencing court as to either the purpose or the operation of then 18 U.S.C. § 4208(a)(2). The district court expressly stated that the "adoption of the parole commission guidelines after imposition of the sentence did not frustrate the intent of the court's sentence" since the intention of the § 4208(a)(2) sentence was merely to allow McIntosh to become eligible for parole on the two year sentence at the same time he became eligible for parole on the twelve year sentence. He did become so eligible.

McIntosh has not presented a claim justifying the requested relief under § 2255.

Accordingly, the judgment of the district court is affirmed.

AFFIRMED.

ON PETITION FOR REHEARING

PER CURIAM:

The petition for rehearing is GRANTED. The prior opinion in this case, reported at 566 F.2d 949 (5th Cir. 1978), is withdrawn. The decision of the district court is affirmed.

AFFIRMED.