UNITED STATES of America, Appellee,

v.

Billy Edward LACY, Appellant.

UNITED STATES of America, Appellant,

v.

Sherrill Gary BRINKLEY, Appellee.

Nos. 78-1113, 78-1224.

United States Court of Appeals, Eighth Circuit.

Submitted June 12, 1978.

Decided Nov. 9, 1978.

---

Charles D. Davidson of Patten, Brown, Leslie & Davidson, Little Rock, Ark., for appellant, Lacy in No. 78–1113.

W. H. Dillahunty, U. S. Atty., and Kenneth F. Stoll, Asst. U. S. Atty., Little Rock, Ark., for appellee, U. S. in No. 78–1113.

W. H. Dillahunty, U. S. Atty., and Samuel A. Perroni, Asst. U. S. Atty., Little Rock, Ark., for appellant, U. S. in No. 78–1224.

John I. Purtle of Purtle, Osterloh & Weber, Little Rock, Ark., for appellee, Brinkley in No. 78–1224.

Joseph A. Barry, Gen. Counsel and Rockne Chickinell, Regional Atty., U. S. Parole Commission, Kansas City, Mo., amicus curiae, U. S. Parole Commission, in Nos. 78–1113 and 78–1224.

Before GIBSON, Chief Judge, and LAY, HEANEY, BRIGHT, ROSS and STEPHENSON, Circuit Judges, *En Banc.**

* The Honorable J. Smith Henley, Circuit Judge, originally sentenced both Lacy and Brinkley on the present convictions. Therefore, he did not participate in deciding this appeal.

GIBSON, Chief Judge.

█ These cases afford us the opportunity once again to consider the availability of relief to inmates under 28 U.S.C. § 2255 when they allege that the application of parole release guidelines by the United States Parole Commission operates to thwart the intentions of the sentencing judge. We first concluded that a cause of action might be stated under § 2255 in *Kortness v. United States,* 514 F.2d 167 (8th Cir. 1975). Since that time, panels of this court have considered various aspects of the *Kortness* decision. The present cases both arose in the Eastern District of Arkansas. However, they were heard by different judges and the results reached were inconsistent despite nearly identical factual situations. We ordered the cases submitted *en banc* in order to ensure consistent results and to clarify the law in this circuit on this issue.

On June 20, 1973, Billy Edward Lacy was resentenced to twelve years imprisonment pursuant to 18 U.S.C. § 4208(a)(2) (1970), now § 4205(b)(2) (1976), after pleading guilty to the offense of kidnapping.[1] Following a parole hearing in September 1976, the United States Parole Commission denied Lacy parole on October 14, 1976, because he had not served the minimum time set by the guidelines based on the severity of the offense. The Commission had also denied release after a hearing held a few months after Lacy's incarceration commenced. In November, 1977, Lacy filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and this court's decision in *Kortness v. United States, supra.* On December 30, 1977, Circuit Judge J. Smith Henley, sitting by designation, dismissed the request for relief.

Sherrill Gary Brinkley was placed in jail on February 13, 1973. After conviction in a jury trial on charges of aiding and abetting an attempted bank robbery and conspiracy to rob a bank, Brinkley was sentenced on June 6, 1973, to a total of twelve years imprisonment. His sentence was also pursuant to 18 U.S.C. § 4208(a)(2) (1970), now § 4205(b)(2) (1976). His conviction was ultimately affirmed in *Brinkley v. United States,* 560 F.2d 871 (8th Cir.), *cert. denied,* 434 U.S. 941, 98 S.Ct. 435, 54 L.Ed.2d 302 (1977). Brinkley was denied parole after hearings in January 1974 and December 1976. On September 7, 1976, Brinkley filed a motion for reduction of sentence, which was treated by the District Court as a claim for relief under 28 U.S.C. § 2255 (1970) and our *Kortness* decision. After a hearing on March 10, 1978, the district court granted the relief sought and resentenced Brinkley on March 17, 1978, to the time already served. On the Government's motion, the order was stayed by the district court pending this appeal.

Lacy and Brinkley were convicted and sentenced prior to November 13, 1973. On that date, the United States Parole Board promulgated parole guidelines that now appear in 28 C.F.R. § 2.20. The guidelines have been revised in minor respects since 1973. The goal of the guidelines apparently has been to ensure less disparate punishment of those who violate federal law. The guidelines operate by quantifying the severity of the offense as determined by the judgment of the Parole Board expressed in the guidelines and certain individual characteristics of the offender, but do not incorporate the sentencing judgment of the district court. In applying the parole guidelines, the Parole Commission does not appear to give significant weight to the sentence imposed by the district court. Of course, the sentence imposed by the district court continues to operate as the maximum term of imprisonment that the offender can be required to serve.

The difficulty with the parole guidelines when applied to individuals sentenced prior to their promulgation is that under federal law sentencing courts have been given three options in determining the sentence.

---

1. Initially Lacy was sentenced to a maximum term pursuant to 18 U.S.C. § 4208(b) (1970), now § 4205(c) (1976), for the purpose of evaluation.

If one views all of the options as being similar in providing a maximum term at which time the offender must be released from custody, the only distinction between the three variations is in the time at which the offender will be eligible for parole.

Under 18 U.S.C. § 4205(a) (1976), the offender is ineligible for release on parole until he has served one-third of his sentence or ten years of a sentence of greater than thirty years. Under 18 U.S.C. § 4205(b)(1) (1976), the sentencing judge may set a minimum term of less than one-third of the maximum sentence at which time the offender will be eligible for parole consideration. Finally, under 18 U.S.C. § 4205(b)(2) (1976), the sentencing judge may simply fix the maximum term and permit the Parole Commission to release the offender on parole at such time as it determines. When viewed in this light, it is clear that Congress intended that sentencing judges, due to their familiarity with the offense and the offender, would be able to have some impact on the timing of consideration for parole release. The parole release guidelines adopted by the Parole Board in 1973 have effectively thwarted that role if applied mechanically to those individuals sentenced under 18 U.S.C. § 4205(b)(2) (1976), since in those cases mechanical application of the guidelines prevents significant consideration for parole by the Commission prior to the period specified in the guidelines. It is clear that Congress intended that individuals sentenced under § 4205(b)(2) would be eligible for consideration for parole at an early date, without any set waiting period, although it is also clear that the ultimate determination of whether parole was appropriate or not rested with the Parole Commission rather than the courts.

The allocation of authority and the sharing of responsibility over prison inmates between the judiciary and the executive is one of the most difficult areas of the law. The courts have a vital responsibility to protect the basic constitutional rights of prisoners. On the other hand, few would question the advisability of broad discretion in the executive in operating prisons, in caring for inmates, and in establishing rehabilitative programs, including parole. But under the statutes now in force, Congress has recognized some role in the process for the courts, and that role must not be thwarted by subsequent wholesale changes in the Parole Commission's methods. Nor must that role defeat the discretion lawfully vested in the Parole Commission.

In *Kortness v. United States,* 514 F.2d 167 (8th Cir. 1975), we considered the situation of a person who had been sentenced under 18 U.S.C. § 4208(a)(2) (1970), now 18 U.S.C. § 4205(b)(2) (1976), on the same day that the parole guidelines were promulgated. We determined that under 28 U.S.C. § 2255 the district court had authority to vacate the sentence and resentence Kortness in its discretion. We reached that result by concluding that the mistaken belief of the court concerning the effect of utilizing § 4208(a)(2) could constitute a critical error under the doctrine of *United States v. Lewis,* 392 F.2d 440 (4th Cir. 1968). Therefore, relief under 28 U.S.C. § 2255 was appropriate.

Since our decision in *Kortness,* three circuits have specifically rejected our rationale. They have taken the view that the relief sought is actually a challenge to the action of the Parole Commission and is therefore proper only in the jurisdiction where the defendant is incarcerated and, if permissible, must be brought under 28 U.S.C. § 2241 rather than § 2255. *United States v. McBride,* 560 F.2d 7 (1st Cir. 1977); *United States v. DiRusso,* 535 F.2d 673, and 548 F.2d 372 (1st Cir. 1976); *Wright v. United States Board of Parole,* 557 F.2d 74 (6th Cir. 1977); *Elliott v. United States,* 572 F.2d 238 (9th Cir. 1978); *Andrino v. United States Board of Parole,* 550 F.2d 519 (9th Cir. 1977). Two circuits have discussed the *Kortness* doctrine but have not yet given a clear decision as to whether it would be followed in their cases. *United States v. McIntosh,* 566 F.2d 949 (5th Cir. 1978); *United States v. Kent,* 563 F.2d 239 (5th Cir. 1977); *United States v. Braasch,* 542 F.2d 442 (7th Cir. 1976).

The Third Circuit has permitted relief similar to that envisioned by our *Kortness* decision. That court has emphasized that relief is permitted when the district court's sentencing expectations are frustrated by the subsequent adoption of the guidelines. In the Third Circuit's view it is the subjective intent of the sentencing judge that is crucial to relief. *United States v. Somers*, 552 F.2d 108 (3rd Cir. 1977); *United States v. Salerno*, 538 F.2d 1005, *rehearing denied*, 542 F.2d 628 (3rd Cir. 1976).

We have carefully considered the approaches taken by other circuits as well as the arguments made by the Government, the petitioners, and by the United States Parole Commission as amicus curiae. After doing so, we are still of the opinion that *Kortness v. United States* is conceptually sound.

It is evident from a review of the case law that has developed since *Kortness* that relief under that doctrine is limited to those sentenced prior to or on the date that parole guidelines were first promulgated, November 19, 1973. *Kills Crow v. United States*, 555 F.2d 183, 187 (8th Cir. 1977); *Banks v. United States*, 553 F.2d 37, 39 (8th Cir. 1977); *Gravink v. United States*, 549 F.2d 1152 (8th Cir. 1977); *Jacobson v. United States*, 542 F.2d 725, 727 (8th Cir. 1976); *Fields v. United States*, 542 F.2d 472 (8th Cir. 1976); *United States v. Clinkenbeard*, 542 F.2d 59 (8th Cir. 1976). In order to be entitled to relief, an inmate must have been sentenced under 18 U.S.C. § 4208(a)(2) (1970), now 18 U.S.C. § 4205(b)(2) (1976). *Ryan v. United States*, 547 F.2d 426 (8th Cir. 1977); *Stead v. United States*, 531 F.2d 872, 875–77 (8th Cir. 1976). An inmate is not entitled to rely upon the *Kortness* doctrine until he has completed one-third of his sentence. *United States v. White*, 540 F.2d 409, 411 (8th Cir. 1976). Finally, the subjective intent of the district court must have been thwarted by the operation and adoption of the parole guidelines. *Gravink v. United States*, 549 F.2d 1152, 1153 (8th Cir. 1977). The district court has discretion to decline to vacate the sentence and resentence the defendant. *Pope v. Sigler*, 542 F.2d 460 (8th Cir. 1976).

Perhaps the most difficult aspect of the *Kortness* doctrine is the concept of meaningful consideration. The *Kortness* decision viewed the right to relief as depending on the district court's "mistaken belief that the defendant would receive meaningful parole consideration during his § 4208(a)(2) term, rather than be required almost automatically to serve the full term imposed, less good time allowances." 514 F.2d at 170. In *Pope v. Sigler*, 542 F.2d 460 (8th Cir. 1976), this court held in part that the district court was correct in concluding that meaningful consideration had been given to the inmate's request for parole. In *Jacobson v. United States*, 542 F.2d 725 (8th Cir. 1976), this court noted that while the district court was entitled to expect that the defendant would receive meaningful parole consideration at the one-third point in his sentence, the facts established that the defendant had received an in-person hearing at that point in time, and thus there was no basis for resentencing. Finally, in *Banks v. United States*, 553 F.2d 37, 39 (8th Cir. 1977), we noted that challenges to the meaningfulness of parole considerations come under § 2241 and must be brought in the district where the defendant is incarcerated.

Our analysis of *Kortness*, the statutes, and the cases since *Kortness* convinces us that the first inquiry to be made by the district court is whether the subjective intent of the sentencing judge has been thwarted by the adoption of the parole release guidelines. In order to facilitate that inquiry, every effort should be made to refer the § 2255 petition to the judge who conducted the original sentencing. If the original sentencing judge concludes that his sentencing expectations have not been thwarted, the inquiry ends at that point. Similarly, the matter ends if the sentencing judge, after learning of the parole guidelines, finds in the course of an appropriate proceeding that he would resentence the defendant to the same punishment. *Lewis v. United States*, 585 F.2d 915 at 918 (8th Cir. 1978).

On the other hand, if the sentencing judge concludes that his expectations have

been thwarted, or the original sentencing judge is not available to consider the § 2255 petition, the process is more involved. In order for relief to be available under this narrow doctrine, it must be established that (1) the inmate was sentenced under § 4208(a)(2); (2) the sentence was imposed prior to or contemporaneous with the adoption of the Parole Board guidelines; (3) the prisoner has served at least one-third of his sentence; and (4) the Parole Commission has not given the required consideration to the inmate's request for parole.

Turning to the instant cases, we note that Lacy's motion under 28 U.S.C. § 2255 was considered by the judge who sentenced him. The district court concluded that Lacy had been given a hearing by the Parole Commission during the first one-third of his sentence, thus relief was unavailable under our *Kortness* decision. We have carefully considered the arguments advanced by Lacy, but have not discovered any error of law applied to these undisputed facts. We affirm this order denying relief in *Lacy.*

Brinkley's case has followed a different course. His § 2255 motion was not referred to the sentencing judge but was heard by a different member of the district court. The sentencing judge was deposed on the issue of his expectations at the time of sentencing. Our examination of the deposition and the other circumstances leaves us unclear as to whether the sentencing judge's expectations were frustrated by adoption of the parole guidelines. Therefore we reverse the order granting relief to Brinkley. We are not certain that Brinkley would have been denied relief had his motion initially been referred to the sentencing judge. Since Judge Henley was the sentencing judge and is available to sit by designation and to hear the motion, we remand *Brinkley* to the District Court for referral to and consideration by Judge Henley.

The order in No. 78-1113 is affirmed.

The order in No. 78-1224 is reversed and remanded.