**UNITED STATES of America**

v.

**Robert James APPLING, pro se.**

**Civ. A. No. 185–134 (In re CR182–41).**

United States District Court,
S.D. Georgia,
Augusta Division.

Aug. 12, 1985.

Michael Faulkner, Asst. U.S. Atty., Augusta, Ga., for plaintiff.

Robert James Appling, pro se.

## ORDER

ALAIMO, Chief Judge.

In an effort to have his prison term reduced, inmate Robert Appling filed this motion to vacate or correct his sentence pursuant to 28 U.S.C. § 2255 (1982). Having read and considered the parties' briefs in support of their respective positions, the Court is of the opinion that the motion should be denied.

### FACTUAL BACKGROUND

Appling and some 25 other individuals were indicted in 1982 for various federal drug offenses. *United States v. Evans, et al.*, S.D.Ga. No. CR 182–41. On October 10, 1983, Appling pled guilty to two counts of the indictment, conspiracy to smuggle 77,000 pounds of marijuana into the United States in violation of 21 U.S.C. § 952 (1982) and conspiracy to possess controlled substances with intent to distribute them in violation of 21 U.S.C. §§ 841, 846 (1982). On October 11, 1983, Appling was sentenced to two consecutive five-year prison terms. Appling was immediately incarcerated in the Federal Correctional Institute at Tallahassee, Florida.

At the time he entered his plea, Appling faced another indictment on drug charges in the Circuit Court of Jefferson County, Florida. In return for his cooperation with the Government, federal prosecutors agreed to ask the Florida court to impose a sentence that would run concurrently with the sentence in the case at bar. Government's Response to Defendant Appling's Motion (hereinafter "Government's Response"), Affidavit of Jim Hudson, at 1. On January 26, 1984, Appling pled guilty to the Florida indictment and received a 10-year concurrent sentence on that charge. Government's Response, Exhibit 1 (Judgment & Sentence of the Florida Court).

On the advice of defense attorney Jim Hudson, Appling did not seek a reduction of his federal sentence under Fed.R. Crim.P. 35. Motion to Vacate, at 4. Attorney Hudson believed that to do so would violate the plea agreement with the Government. Government's Response, Af-

fidavit of Jim Hudson, at 1. Appling subsequently appeared before the United States Parole Commission and, based upon his "non-peripheral role" in the smuggling conspiracy, received a presumptive parole date of December 23, 1987. Motion to Vacate, Exhibit 1 (U.S. Parole Commission Notice of Action). In the meantime, several of his codefendants obtained reduced sentences through Rule 35 motions. *Id.* at 389.

Now Appling has filed this motion to vacate his sentence, alleging that the Parole Commission relied on erroneous information in setting his tentative parole date. He also complains that some 25 defendants with equal or greater involvement in the conspiracy ultimately received substantially shorter prison terms than Appling did and contends that attorney Hudson rendered ineffective assistance by advising him not to file a Rule 35 motion for a sentence reduction. The Court will consider each of these contentions in turn.

**DISCUSSION**

Appling filed his motion pursuant to 28 U.S.C. § 2255, which states, in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Section 2255 is a modern codification of the ancient writ of error *coram nobis*, which gave trial courts a ready means to correct erroneous sentences without resorting to *habeas corpus* proceedings. Since this Court imprisoned Appling, it has jurisdiction to entertain his motion to vacate the sentence.

■ However, the Court does not have jurisdiction under § 2255 to review actions of the Parole Commission. Section 2255 authorizes challenges to the lawfulness of the sentence itself, not to subsequent actions of parties other than the sentencing court. *See United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979); *United States v. Plain,* 748 F.2d 620 (11th Cir.1984); *Blau v. United States,* 566 F.2d 526 (5th Cir.1978); *United States v. Kent,* 563 F.2d 239 (5th Cir.1977). If the Parole Commission has misapprehended Appling's role in the conspiracy, filing a *habeas corpus* petition under 28 U.S.C. § 2241 is the proper way to attack its findings. Insofar as petitioner's § 2255 motion rests upon Parole Commission actions, it affords him no grounds for relief.

■ Nor do claimed disparities in the punishment meted out to various codefendants give Appling grounds to seek a modification of his sentence. Disappointment with the sentence imposed following a voluntary guilty plea is not a valid basis for relief under § 2255. *United States v. Caruso,* 280 F.Supp. 371 (S.D.N.Y.1967); *Baker v. United States,* 334 F.2d 444, 449 (8th Cir.1964); *Verdon v. United States,* 296 F.2d 549 (8th Cir.1961). Moreover, petitioner has pointed out no defect or illegality in his sentence which can be entertained under § 2255. Two consecutive five-year prison terms were well within the maximum statutory limits prescribed for violations of 21 U.S.C. § 952 and 21 U.S.C. §§ 841, 846. A sentence within the statutory time limits is not assailable on grounds of severity or that codefendants were treated more leniently. *Humphries v. United States,* 328 F.2d 886 (8th Cir. 1964); *Randall v. United States,* 324 F.2d 726 (10th Cir.1963); *Cassidy v. United States,* 304 F.Supp. 864 (E.D.Mo.1969); *Baysden v. United States,* 213 F.Supp. 623 (E.D.N.C.1963).

■ In addition, a challenge to consecutive sentences should be mounted at the time they are imposed, not by a belated collateral attack under § 2255. *Irby v. United States,* 390 F.2d 432 (D.C.Cir.1967). Rule 35 of the Federal Rules of Criminal

Procedure affords a defendant a vehicle to challenge his sentence by allowing him to move for its reduction within 120 days after its imposition. Fed.R.Crim.P. 35. Appling elected not to pursue a Rule 35 sentence reduction, and the 120-day time period for such motions has long since elapsed. The statutory 120-day period is jurisdictional; once it expires, the Court has no authority to reduce or modify the sentence, absent some constitutional infirmity. *United States v. Llinas,* 670 F.2d 993, 995 (11th Cir.1982); *United States v. McIntosh,* 566 F.2d 949, 950 (5th Cir.1978); *United States v. Norton,* 539 F.2d 1082, 1083 (5th Cir.1976); *United States v. Mehrtens,* 494 F.2d 1172, 1175 (5th Cir.1974).

As to his failure to make a Rule 35 motion, Appling maintains he was deprived of effective assistance of counsel when attorney Hudson advised him not to seek a sentence reduction. This advice was erroneous, Appling contends, and denied him due process and equal protection of the law. To support his claim, Appling points out that several codefendants received sentence reductions upon filing Rule 35 motions. Attorney Hudson concedes he counseled against seeking a reduced sentence, but in justification states he felt a Rule 35 motion would violate the plea agreement with the Government. The United States Attorney also notes that the prosecution would not have supported a Rule 35 motion, because Appling did not cooperate fully with the Government as he had promised.

■■ For purposes of a motion to vacate sentence, the proper standard for judging adequacy of representation is whether the assistance rendered was within the range of competence demanded of a criminal defense attorney, not whether the advice was right or wrong. *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763, 773 (1970); *Tucker v. Zant,* 724 F.2d 882, 894 (11th Cir.1984); *Lambert v. United States,* 392 F.Supp. 113, 116 (N.D.Ga.1975). The fact that a defendant may later regret having followed his lawyer's advice, as is the case

here, is not a ground for relief under § 2255. *United States v. Grossman,* 663 F.2d 607, 610 (5th Cir.1981); *United States v. Kranzthor,* 614 F.2d 981, 983 (5th Cir. 1980).

■■ Nor are mere criticisms of an attorney's tactics sufficient to support a claim of inadequate representation. The Fifth and Eleventh Circuit Courts of Appeal have consistently held that counsel will not be regarded as constitutionally deficient because of erroneous predictions about the efficacy of a particular strategy. *See, e.g., Ford v. Strickland,* 676 F.2d 434, 443 (11th Cir.1982); *United States v. Guerra,* 628 F.2d 410, 413 (5th Cir.1980); *Williams v. Beto,* 354 F.2d 698, 705–06 (5th Cir.1965). Courts are not in the business of second-guessing every judgment call an attorney makes in the course of a case, absent patent dereliction of professional responsibility. Defendants are not guaranteed error-free counsel, just reasonably competent advice. *See Tucker v. Zant, supra; Foster v. Strickland,* 707 F.2d 1339, 1342 (11th Cir.1983); *Westbrook v. Zant,* 704 F.2d 1487, 1498 (11th Cir.1983); *Young v. Zant,* 677 F.2d 792, 798 (11th Cir.1982).

■ In the instant case, it can hardly be said that Appling was denied effective assistance of counsel. Petitioner retained private counsel of his own choosing to handle the case. Attorney Hudson represented Appling capably in striking a plea agreement with the prosecutor and evidently discussed with Appling the pros and cons of seeking a sentence reduction. Apparently, attorney Hudson in good faith believed a Rule 35 motion would be fruitless because the Government would oppose it. Furthermore, his client faced another 10-year prison term in Florida on drug charges, and a sentence reduction would not appreciably have altered the amount of time Appling ultimately was destined to spend behind bars. Under these circumstances, counseling Appling not to file a Rule 35 motion was not incompetent advice, even though several codefendants later obtained re-

duced sentences upon making such motions.

**CONCLUSION**

Since Appling has failed to show any defect or illegality in his sentence as imposed and since he also has failed to show ineffective assistance of counsel, this Court concludes it cannot afford petitioner relief under 28 U.S.C. § 2255. To the extent that his motion seeks relief from the actions of the United States Parole Commission, the Court is without jurisdiction. Accordingly, petitioner's motion to vacate his sentence is hereby DENIED. The Clerk is directed to enter an appropriate judgment dismissing the action for want of jurisdiction.