Cecil Roy TEDDER,
Petitioner-Appellant,

v.

UNITED STATES BOARD OF PA-
ROLE and H. Rauch, Warden, U. S.
Penitentiary, Respondents-Appellees.

No. 75–2266.

United States Court of Appeals,
Ninth Circuit.

Dec. 24, 1975.

John C. Stephenson, Seattle, Wash.,
for petitioner-appellant.

Stan Pitkin, U. S. Atty., Tacoma,
Wash., for respondents-appellees.

OPINION

Before CHAMBERS and KENNEDY,
Circuit Judges, and JAMESON,* District
Judge.

PER CURIAM:

This case concerns the validity of pro-
cedures followed by the United States
Board of Parole in considering the re-
lease of prisoners serving indeterminate
sentences under 18 U.S.C. § 4208(a)(2).
The parole board has recently amended
its regulations pertaining to hearings for
such prisoners. Accordingly, we vacate

* Honorable William J. Jameson, United States District Judge, District of Montana, sitting by
designation.

the judgment as moot and remand to the district court so that it may have the opportunity to dismiss this action. *See Hall v. Beals,* 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969).

■ A brief examination of past and present parole board procedures will show why the facts of this case no longer present a controversy. Cecil Roy Tedder was sentenced to a six-year term under section 4208(a)(2) for bank robbery with use of a dangerous weapon. He began serving his sentence in August 1973. His initial hearing before a panel of parole board hearing examiners was held in May 1974. The board denied parole and scheduled its next review hearing for March 1976. When Tedder's application for an earlier in-person review hearing was denied, he petitioned the district court for a writ of habeas corpus. The court dismissed his petition on the ground that he failed to show an abuse by the parole board of the "wide discretion" granted to it by Congress.[1] Tedder appeals to this court under 28 U.S.C. § 2253.

The theory of Tedder's petition is that prisoners sentenced pursuant to section 4208(a)(2) are entitled to parole consideration under procedures at least as favorable as those adopted for other prisoners. Under 18 U.S.C. § 4202 a prisoner is eligible for parole only after serving one-third of his sentence, but a prisoner sentenced under section 4208(a)(2) is eligible for parole without a required minimum period of incarceration. Tedder was given his initial parole hearing after serving ten months of his sentence. He contends that this hearing was held so early that—although he was technically eligible for parole—his release was not seriously contemplated. By contrast, under section 4202 a prisoner's initial hearing would be held only after he had served one-third of his sentence. Since Tedder's review hearing is scheduled for seven months after the one-third point in his sentence, he claims that he will first receive effective consideration for parole at a *later* date than if he had received a normal sentence.[2]

In response to criticism such as raised by the appellant here, the parole board

---

1. The district court had jurisdiction under 28 U.S.C. § 2241. The parole board is an authority of the federal government within the meaning of the Administrative Procedure Act, 5 U.S.C. § 701(b)(1). *See, e. g., Pickus v. United States Bd. of Parole,* 165 U.S.App.D.C. 284, 507 F.2d 1107, 1109–10 (1974). A petition for a writ of habeas corpus is a proper form of proceeding for obtaining judicial review of parole board decisions, 5 U.S.C. § 703, and the scope of review would normally include setting aside decisions constituting an abuse of the board's discretion, *id.* § 706(2)(A). However, such review is not available "to the extent that . . . agency action is committed to agency discretion by law." *Id.* § 701(a)(2).

At least two circuits have held that decisions to grant or deny parole are committed to the board's discretion and thus nonreviewable. *Tarlton v. Clark,* 441 F.2d 384, 385 (5th Cir.), *cert. denied,* 403 U.S. 934, 91 S.Ct. 2263, 29 L.Ed.2d 713 (1971); *Brest v. Ciccone,* 371 F.2d 981 (8th Cir. 1967). *See also Childs v. United States Bd. of Parole,* 511 F.2d 1270, 1279, 1286, 1288 n. 8 (D.C.Cir. 1974). This court has not ruled on the extent to which parole board decisions are committed to that agency's discretion. However, we have held that when a matter is so committed, review is limited to

determining whether the agency committed constitutional error, exceeded its statutory authority, or violated its own procedural regulations. *E. g., Ness Inv. Corp. v. United States Dep't of Agriculture,* 512 F.2d 706, 712–15 (9th Cir. 1975). *See Grattan v. Sigler,* 525 F.2d 329 (9th Cir. 1975) (review to insure parole board compliance with its own regulations).

2. We note in passing that the principal purpose of the initial parole hearing is to enable the board to set a projected release date for the prisoner, based on a table of guidelines applicable to both 4202 and 4208(a)(2) prisoners. 5 C.F.R. § 2.20, 40 Fed.Reg. 41333–37 (Sep. 5, 1975). The board follows these guidelines closely. When immediate release is not indicated, the board typically sets a review hearing for about the time at which the guidelines would call for release. Thus when a review hearing is scheduled in accordance with the guidelines, providing an extra hearing at the one-third point would be unlikely to produce an earlier release date. And if his circumstances have changed since the initial hearing, a prisoner can petition the board for earlier consideration under 5 C.F.R. § 2.15 (1975). *See generally* Project, *Parole Release Decision-making and the Sentencing Process,* 84 Yale L.J. 810 (1975).

adopted a special regulation for section 4208(a)(2) prisoners. It provided that if the prisoner was denied parole at an initial hearing and scheduled for a review hearing some time after he served one-third of his sentence, then a panel of board examiners would conduct a review of his file, including an institutional progress report, at the one-third point. 28 C.F.R. § 2.14(b) (1975). This procedure was in effect when Tedder brought his action, but he argued that only a full in-person hearing at the one-third point would satisfy the alleged requirement for treatment equal to that accorded prisoners under section 4202.

A number of courts have considered the issues presented in this petition and have reached various conclusions. Some accepted contentions both that the statute requires equal treatment and that this objective can be attained only by granting a full in-person hearing to 4208(a)(2) prisoners at the one-third point of their sentences. *Garafola v. Benson,* 505 F.2d 1212, 1219–20 (7th Cir. 1974); *Salazar v. United States Board of Parole,* 392 F.Supp. 1073, 1076 (E.D.Mich. 1975); *Reed v. United States,* 388 F.Supp. 725, 728–29 (D.Kan.1975). Other courts held that section 4208(a)(2) prisoners were entitled to meaningful consideration for parole when they had served one-third of their sentences, but that the file review provided by 28 C.F.R. § 2.14(b) was adequate for this purpose. *Grasso v. Norton,* 520 F.2d 27, 36 (2d Cir. 1975), *aff'g on other grounds* 376 F.Supp. 116 (D.Conn.1974); *Stroud v. Weger,* 380 F.Supp. 897, 901 (M.D.Pa.1974). And still other courts held that the procedures for considering parole applications were within the discretion of the parole board and not subject to judicial review. *Moody v. United States Board of Parole,* No. C74–601A (N.D.Ga., Apr. 1, 1974), *aff'd mem.,* 502 F.2d 1165 (5th Cir. 1974).

After this case was submitted on appeal, the parole board further amended its regulations to provide that a prisoner sentenced under section 4208(a)(2) "shall not be continued past one-third of his maximum sentence without a fur-

ther, in-person hearing upon completion of one-third of his maximum sentence." 40 Fed.Reg. 41328 (Sep. 5, 1975). Although the amended regulations did not become effective until October 6, 1975, the accompanying statement made the practice of conducting in-person hearings for 4208(a)(2) prisoners effective for those who completed one-third of their sentences after August 1, 1975. Tedder claimed that one-third of his sentence would expire on August 20, 1975, and thus he is entitled under the board's new regulation to the same relief he was seeking in the district court. Accordingly, we need not resolve the issues presented in this appeal, for the case now becomes moot.

Vacated and remanded.