**Richard Paul ELLIOTT, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 76–2283.

United States Court of Appeals, Ninth Circuit.

March 15, 1978.

Ernest F. Schulzke, Auburn, Cal., for appellant.

Samuel Coon, Asst. U. S. Atty., Reno, Nev., for appellee.

Before GOODWIN, WALLACE, and HUG, Circuit Judges.

PER CURIAM:

Elliott is serving a 65-year sentence for kidnapping and escape. In 1969, the trial court modified his sentence so that he would serve it under former 18 U.S.C. § 4208(a)(2) (current 18 U.S.C. § 4205(b)(2)), which allows the Parole Board to release a prisoner on parole before he completes a specific period in custody. In 1976, Elliott filed under 28 U.S.C. § 2255 a motion to vacate or correct the sentence. The sentencing court denied the motion, and Elliott appeals. We affirm.

Elliott claims on appeal that the sentencing judge and the Parole Board relied to his detriment upon false information that he had also been convicted of rape. He did not make his claim in the district court that the sentencing judge relied on false information. This claim, therefore, is not properly before us.

If Elliott desires to challenge the Parole Board's reliance upon inaccurate information, he should make his claim in a petition for a writ of habeas corpus, 28 U.S.C. §§ 2242 and 2243. *Billiteri v. United States Board of Parole*, 541 F.2d 938 (2d Cir. 1976). A motion to vacate or correct a sentence is not the appropriate remedy.

Elliott also asserts that the Parole Board is not giving serious consideration to his application for parole even though his "§ 4208(a)(2)" status entitles him to it. This also is a claim he should make by habeas corpus. *See Andrino v. United States Board of Parole*, 550 F.2d 519, 520 (9th Cir. 1977); *Tedder v. United States Board of Parole*, 527 F.2d 593, 594 n.1 (9th Cir. 1975). The § 2255 motion was an attack on the sentence, not on the Parole Board's actions.

Elliott can be released on parole under former § 4208(a)(2) at the Parole Board's discretion. The district court apparently accepts the Parole Board's recent guidelines, 28 C.F.R. § 2.20, as applied in this case. Thus, Elliott's real attack is on the guidelines and the Board's application of them to his case. As these questions are beyond the scope of this proceeding, we express no opinion upon them.

Affirmed.