UNITED STATES of America, Plaintiff,

v.

**Fernando MONTES, Defendants.**

**UNITED STATES of America, Plaintiff-Respondent**

v.

**Fernando MONTES, Defendant-Movant.**

**Nos. CV 86–4811–AAH, CR 85–406(A)–AAH.**

United States District Court,
C.D. California.

Jan. 16, 1987.

---

Robert C. Bonner, U.S. Atty. by Jeffrey Modisett, Asst. U.S. Atty., Los Angeles, Cal., for United States.

Richard D. Burda, Los Angeles, Cal., for defendant Montes.

### ORDER

HAUK, District Judge.

In the above-entitled matter, defendant has filed a motion pursuant to 28 U.S.C. § 2255, in the civil case noted above, claiming in effect that he is being held in custody illegally and unjustly as a result of the United States Parole Commission's alleged improper determination of the Offense Behavior Severity Rating for the crime for which he was convicted.

On July 22, 1985, defendant was sentenced in the criminal case noted above following his plea of guilty to one count of concealing an escaped prisoner in violation of 18 U.S.C. § 1072. Plaintiff was sentenced to three years imprisonment, but with eligibility for parole after serving one-third of the term pursuant to 18 U.S.C. § 4205(a). Under the Parole Commission Guidelines, the crime of harboring a fugitive carries an Offense Severity Rating of not higher than Category Three. 28 C.F.R. § 2.20, Chapter Six, Subchapter B, Part 615 (1985). However, for purposes of calculating defendant's parole release date, the Parole Commission gave defendant an Of-fense Severity Rating of Category Six, apparently based on the belief that defendant had committed the crime of aiding and abetting the escape of a federal prisoner with the use of a firearm. Defendant contends that this action by the Commission has adversely affected his eligibility for parole in violation of the law, since had he received an Offense Severity Rating of Category Three he would be eligible for parole after twelve months time served, whereas with a Category Six Offense Severity Rating, he will probably be required to serve his entire three year sentence.

While Congress has vested the decision as to when a prisoner should be released in the sound discretion of the Parole Commission, 18 U.S.C. §§ 4201 *et seq* (1985); *United States v. Addonizio*, 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979), such discretion is not unlimited but rather must be exercised consistent with the comports of due process and the courts will not intrude on a Commission decision absent action that is "flagrant, unwarranted or unauthorized." *See Stroud v. United States Parole Commission*, 668 F.2d 843, 845–46 (5th Cir.1982). Judicial review of a Parole Commission decision is limited to determining whether the Commission committed constitutional error, exceeded its statutory authority, or violated its own procedural regulations. *Wallace v. Christensen*, 802 F.2d 1539, 1551–52 (9th Cir.1986) (en banc); *Tedder v. United States Board of Parole*, 527 F.2d 593, 594 n. 1 (9th Cir.1975).

In the present case, it is clear beyond dispute that defendant was convicted of the offense of concealing an escaped prisoner, *not* aiding and abetting an escape. Judgment of July 22, 1985, Case No. CR 85–406(A)–AAH (D.C.Cal.1985). It is equally beyond dispute that under the relevant Parole Commission guidelines and regulations, the crime of concealing an escaped prisoner should be given an Offense Severity Rating of Category Three, *not* Category Six. 28 C.F.R. § 2.20, Chapter Six, Subchapter B, Part 615 (1985). Such a conclusion is further supported by the information given to the Court by the Probation Office as part of its report on its presentence investigation, in which the Probation Office indicated that defendant's offense was a Category Three offense under the Parole Commission guidelines.

The Court, however, finds the question of jurisdiction troublesome since de-

fendant is attacking the execution of his sentence rather than the imposition of his sentence. *See United States v. Addonizio,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Accordingly, defendant's remedy is to file a petition pursuant to 28 U.S.C. § 2241 in the district of his incarceration, the Western District of Missouri, where jurisdiction for defendant's habeas corpus petition lies. *Jones v. United States,* 783 F.2d 1477 (9th Cir.1986).

■ Nevertheless, because the Parole Commission has frustrated the clear intent of the Court, in ruling that defendant must serve his entire three-year sentence, the Court *sua sponte* and with the concurrence of and upon the stipulation of both parties has decided to treat defendant's Section 2255 motion as a joint motion to reconsider the Court's Order of October 7, 1985, denying Montes' Rule 35 motion, which was timely filed on September 16, 1985. *Andrews v. United States,* 373 U.S. 334, 83 S.Ct. 1236, 10 L.Ed.2d 383 (1963); *United States v. Coke,* 404 F.2d 836 (2d Cir.1968).

Now upon such reconsideration, the Court entertains Montes' Rule 35 motion anew, and in light of the foregoing discussion and all the files and records of this case, and good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. That the Court's Order of October 3, 1986, granting defendant's motion under 28 U.S.C. § 2255 be and the same is hereby vacated.

2. That defendant's motion for reconsideration of his motion to reduce sentence under Rule 35, F.R.Crim.P. be and the same is hereby granted.

3. That the Judgment and Commitment Order of July 22, 1985, be and the same is hereby modified to reduce the period of imprisonment from three years to twelve months, the rest of the sentence to remain unchanged.

Let amended judgment and commitment order be entered, *nunc pro tunc* accordingly.