46 F.3d 1143
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerome MOSLEY, Plaintiff-Appellant,
v.
Leonard P. GILBERT, Amy H. Wright, Bryn Armstrong, Thomas P.
Chicory & Denison, Parole Board Representative; J. Charles
Thompson, Judge, Tom Leen, J. Ham, John & Jane Does 1-2;
John Ham; Tom Leen, Defendants-Appellees.
 No. 94-15627.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 19, 1994.*
Decided Jan. 11, 1995.
 
 Before: SNEED, D.W. NELSON and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerome Mosley, a Nevada state prisoner, appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his 42 U.S.C. Sec. 1983 civil rights action. Mosley contends that the Parole Board miscalculated his crime severity level and his parole likelihood success score when determining his eligibility for parole. Mosley also contends that defendants violated his due process and Fourth Amendment rights because they allegedly invaded his sealed court files and included false and misleading information in the presentence report that was relied on by the Parole Board. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm in part and vacate and remand in part.
 
 
 3
 We review de novo the district court's Fed.R.Civ.P. 12(b)(6) dismissal. Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). Review is limited to the contents of the complaint. Buckey v. County of Los Angeles, 968 F.2d 791, 794 (9th Cir.1992), cert. denied, 113 S.Ct. 599 (1992). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. Id. We may affirm on any grounds finding support in the record. Salmeron v. United States, 724 F.2d 1357, 1364 (9th Cir.1983).
 
 
 4
 When a prisoner challenges the fact or duration of his or her confinement, the exclusive federal remedy is a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2369 (1994); Badea v. Cox, 931 F.2d 573, 574 (9th Cir.1991). Accordingly, a prisoner claiming that the Parole Board relied on inaccurate information in reaching its decision, must seek redress by way of a habeas petition. See Elliott v. United States, 572 F.2d 238, 239 (9th Cir.1978). In such a situation, a section 1983 cause of action for damages attributable to unlawful imprisonment does not accrue until the sentence or fact of imprisonment has been invalidated. Heck, 114 S.Ct. at 2373.
 
 
 5
 Here, Mosley may not seek damages under section 1983 for parole decisions that were based on allegedly false and inaccurate information in his records until he proves that such information has been invalidated by the state or by the grant of a writ of habeas corpus. See id. Accordingly, the district court properly dismissed that portion of Mosley's complaint seeking damages under section 1983.[1]
 
 
 6
 To the extent Mosley seeks, by way of injunctive relief, to shorten the duration of his confinement by having his parole eligibility records corrected, his proper remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 488-89 (1973); Elliott, 572 F.2d at 239. Rather than dismissing that portion of Mosley's complaint which seeks injunctive relief, however, the district court should have construed his complaint as a habeas petition and required exhaustion of state remedies. See Preiser, 411 U.S. at 500; Franklin v. Oregon, 662 F.2d 1337, 1347 (9th Cir.1981). Accordingly, we vacate and remand for further proceedings.
 
 
 7
 AFFIRMED IN PART, VACATED AND REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Mosley seeks damages for due process violations arising from "the use of allegedly unconstitutional procedures" during his parole proceedings, see Heck, 114 S.Ct. at 2370 (citing Wolff v. McDonnell, 418 U.S. 539, 554 (1974)), the district court correctly found that Mosley lacked a liberty interest in parole under the Nevada statute, and therefore could not state a claim for procedural due process violations. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979) (plaintiff must show liberty interest in being paroled in order to state a procedural due process claim); Bauman v. Arizona Dep't of Corrections, 754 F.2d 841, 843 (9th Cir.1985) (no protected liberty interest to early release exists unless a state scheme includes a formula which mandates release in specific circumstances); Severance v. Armstrong, 620 P.2d 369, 370 (Nev.1980) (Nevada parole statutes does not create a liberty interest in parole)