131 F.3d 145
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Thomas M. CLARK, Plaintiff-Appellant,
v.
William DUNCAN, Warden; H. Sanchez, Dr., Psychologist; C.
Bethel, Supervising CCII; Unknown Barrientes, Lifer Co-Ord;
Unknown Dykes, Counselor CCI; Unknown Dabill, Correctional
Officer; Unknown, One Correctional Officer, Defendants-Appellees.
 No. 97-55394.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997.**
Decided Nov. 21, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-08668-JGD (c); John G. Davies, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Thomas M. Clark, a California state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action alleging denial of due process in his parole proceedings in violation of the Fourteenth Amendment. We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review for abuse of discretion the district court's denial of leave to amend after a responsive pleading, see Pierce v. Multnomah County, 76 F.3d 1032, 1043 (9th Cir.), cert. denied, 117 S.Ct. 506 (1996), and affirm.
 
 
 3
 Where amendment of a pro se litigant's complaint would be futile, denial of leave to amend is appropriate. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir.1996); Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 Because Clark sought a declaratory judgment and damages for his claim that false psychological reports led to the denial of his parole, the district court correctly determined that his claims must be pursued in a petition for a writ of habeas corpus instead of pursuant to § 1983. See Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir.1989); Elliot v. United States, 572 F.2d 238, 239 (9th Cir.1978) (per curiam). Accordingly, the district court properly dismissed these claims without prejudice. See Edwards v. Balisok, 117 S.Ct. 1584, 1589 (1997); Heck v. Humphrey, 512 U.S. 477, 487 (1994).
 
 
 5
 The district court also properly dismissed Clark's Privacy Act, 5 U.S.C. § 552a(b), claim against defendants. See St. Michael's Convalescent Hosp. v. California, 643 F.2d 1369, 1373 (9th Cir.1981).
 
 
 6
 We reject Clark's remaining claims on appeal as meritless.
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court dismissed without prejudice, because it is clear from the record that the district court did not contemplate amendment of the complaint, we conclude that the order was final and we have jurisdiction over the appeal. See WMX Techs., Inc. v. Miller, 104 F.3d 1133,, 1136-37 (9th Cir.1997) (en banc). Moreover, given the district court's basis for dismissing Clark's complaint, it was required to dismiss without prejudice. See Trimble v. City of Santa Rosa, 49 F.3d 583, 585 (9th Cir.1995) (per curiam)
 
 
 [2]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal