United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20132
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JULIO CESAR BOCHAS,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:01-CR-704-9
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

    Julio Cesar Bochas appeals following his guilty-plea to

distribution of cocaine.  He argues that the merits of his appeal

should be addressed despite an appeal waiver in his plea

agreement because the agreement was ambiguous.  Bochas contends

that he reasonably believed the Government's abandonment of an

allegation in the indictment that death resulted from the use of

the cocaine would result in a lower sentencing offense level and

guideline range.  Bochas's argument is contrary to the plain

---
    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

language of the plea agreement that no specific sentence had been determined or promised.  Further, Bochas's subjective belief that he would receive a lower sentence is not supported by any promises of a reduced sentence from the Government and is insufficient to render the plea invalid.  See United States v. McIntosh, 566 F.2d 949, 951 (5th Cir. 1978).  We conclude that Bochas's plea agreement and waiver of appeal were validly entered and that we therefore lack appellate jurisdiction.  See United States v. Portillo, 18 F.3d 290, 292-93 (5th Cir. 1994); United States v. Melancon, 972 F.2d 566, 570 (5th Cir. 1992).

Bochas contends that his appeal waiver should not be enforced in the interests of justice because, under United States v. Booker, 125 S. Ct. 738 (2005), the sentencing guidelines have been rendered advisory rather that mandatory.  This argument is unavailing because "a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." Brady v. United States, 397 U.S. 742, 757 (1970); see also United States v. Bradley, 400 F.3d 459, 464 (6th Cir. 2005).

Bochas also argues that the exception to his appeal waiver for upward departures applies because the district court's finding that a death occurred increased his guideline range, thereby constituting a departure.  We have previously rejected a similar argument.  See United States v. McKinney, __ F.3d __, No.

04-41223, 2005 WL 887153 at *2-3 (5th Cir. Apr. 15, 2005).
Moreover, because Bochas agreed to the factual basis, the
sentence is supported by admitted facts.

Bochas argues, for the first time, that his trial counsel
rendered ineffective assistance. A claim of ineffective
assistance of counsel generally cannot be addressed on direct
appeal unless the claim has been presented to the district court.
United States v. Navejar, 963 F.2d 732, 735 (5th Cir. 1992).
Further, Bochas's appeal waiver does not include the right to
raise ineffective assistance claims. See United States v. White,
307 F.3d 336, 343 (5th Cir. 2002). Therefore, we do not address
this issue.

APPEAL DISMISSED.